**In re: BRIDGESTONE/FIRESTONE, INC. TIRES PRODUCTS LIABILITY LITIGATION**

**Sofia de Manez Lopez et al., Plaintiffs,**

v.

**Ford Motor Company et al., Defendants.**

**Nos. IP00–9374C B/S, IP03–5790–C–B/S. MDL No. 1373.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

Nov. 14, 2006.

Kevin Dubose, Alexander Dubose Jones & Townsend, Houston, TX, Roger H. Reed, Reed Carrera & McLain LLP, Edinburg, TX, Gordon E. Tabor, Tabor Law Firm, Indianapolis, IN, Robert B. Waltman, Waltman & Grisham, College Station, TX, for plaintiff.

Evan N. Kramer, Thompson Coe Cousins & Irons, LLP, Houston, TX, Randall Riggs, Locke Reynolds LLP, Indianapolis, IN, for defendant (Ford).

Mark Merkle, Krieg Devault LLP, Indianapolis, IN, Knox D. Nunnally, Phillip B. Dye, Jr., Jennifer H. Davidow, Vinson & Elkins, Houston, TX, for defendant (Bridgestone).

ENTRY REGARDING DEFENDANTS'
MOTION FOR SANCTIONS

BARKER, District Judge.

Defendants have moved for an order from this court imposing sanctions against plaintiffs' lawyers, specifically, Roger Reed, Alberto Guerrero, and Kevin Dubose (the plaintiffs' U.S. lawyers); and Leonel Pereznieto, Juan Carlos Guerrero Valle, and Rosa Maria Avila (the plaintiffs' Mexican lawyers), but not against plaintiffs personally. The facts underlying this claim for sanctions are laid out in full in our corresponding entry of this date entitled "Entry Regarding Issues on Remand from the Seventh Circuit Relating to *Forum Non Conveniens.*" We do not regard issues relating to the imposition of sanctions to fall within the express terms of the Seventh Circuit's remand order to this court. If a fraud is, in fact, determined to have been perpetrated on the court, the Court of Appeals would have been the victim of that fraud, not this district court. Thus, we feel constrained to leave the decision regarding any need to vindicate the court's authority through sanctions to the appellate tribunal.

Nonetheless, having exhaustively examined the conduct of all the attorneys in conjunction with and pursuant to the remand order, we shall provide our narrative response to the request for sanctions stopping short of deciding the matter, thereby providing the Court of Appeals with, what we hope they will regard as the benefit of our views.

For the reasons explained in our accompanying entry, we are not convinced from the evidence adduced that the U.S. lawyers were directly involved in committing a fraud against a United States court. However, their culpability, in our view, exceeds mere negligence based on their almost complete failure to attempt to discover the truth of what their Mexican counterparts were doing. The U.S. lawyers should, in our opinion, at the very least, have had strong suspicions that the proceedings in Mexico were not being conducted in an above-board way and that salient facts were being withheld or glossed over by the Mexican lawyers during their management of the litigation through the Mexican courts. Rather than investigating fully, U.S. counsel appears to have chosen simply not to inquire, we assume out of fear of what they would have learned. This indifference to the truth and lack of diligence regarding the actions of Mexican counsel not only multiplied the

costs incurred by the defendants in having to respond to the order on remand and then ultimately to having to ferret out the evidence of fraud on their own, but also delayed a final resolution of these issues by more than a year. Under 28 U.S.C. § 1927, any attorney who unreasonably and vexatiously multiplies the proceedings in any case may be required to pay the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. Had the U.S. lawyers more carefully instructed and more closely supervised and more objectively followed up on the actions of the Mexican lawyers, by investigating the circumstances surrounding the Morelos court proceedings on their own after receiving the highly suspicious email communications, it is likely that this remand would not have been necessary.[1]

Defendants point out that plaintiffs' lawyers' actions have had deleterious consequences beyond the scope of this case, greatly expanding the scope of the harm beyond a single litigation:

> Dr. Leonel Pereznieto, the plaintiffs' expert/lawyer, has filed a declaration or affidavit in a least 23 other cases claiming that Mexico is an unavailable forum. Ex. A. In most of those cases, the Morelos decisions were the centerpiece of his testimony. The same fraudulently-obtained orders at issue in this case have been filed in 24 other cases as proof of the purported unavailability of the Mexican courts. Ex. A.

Defs.' Memo. in Supp. of Sanctions at 2. Irrespective of any other action which the Seventh Circuit may choose to take in resolving these matters, this judge strongly recommends that in an effort to limit the harm referenced above, the appellate court direct that a copy of these rulings be transmitted by the Clerk of the Court of Appeals to the Judiciary Council of Morelos where, according to our belief and understanding, an investigation of the Mexican lawyers, including the *secretaria de acuerdos*, is currently underway. In any event, the orders from this court shall be available on our website for review by any other party or attorney or court who may have an interest in these matters.

### Conclusion

This said, we withhold a ruling on Defendants' Motion for Sanctions, leaving that decision to the Seventh Circuit Court of Appeals. IT IS SO ORDERED.

---

1. Defendants also contend that at least two of the discovery responses verified by Roger Reed were false: the first response concealed *ex parte* communications the plaintiffs' Mexican lawyers had with the courts in Mexico, and the second response denied that the U.S. Lawyers intended for the Morelos lawsuit to be dismissed. Defs.' Memo. for Sanctions at 1. While this type of conduct might be sanctionable under Rule 37(c), we are more concerned that the U.S. lawyers gave their Mexican co-counsel "cover" to do whatever those lawyers chose to do to get the Mexican case dismissed.